# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

MOSER ENGINE SERVICES, INC.

    Plaintiff,

v.

JAKOB NORMAN, SCOTT GROMER, and PEARLCLOUD CONSULTING, LLC, a Wyoming Limited Liability Corporation,

    Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendants Jakob Norman ("Norman"), Scott Gromer ("Gromer"), and Pearlcloud Consulting, LLC ("Pearlcloud") (collectively, "Defendants") respectfully submit this Notice of Removal of this action from the District Court, City and County of Denver, Colorado, to the United States District Court for the District of Colorado. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff Moser Engine Services, Inc. ("Moser") asserts claims arising under the Constitution, laws or treaties of the United States. In support of this Notice of Removal, Defendants state as follows:

    1.    Norman, Gromer, and Pearlcloud are defendants in a lawsuit filed and pending in the District Court, City and County of Denver, Colorado, captioned *Moser Engine Services, Inc. v. Norman et al.*, Case No. 2016-CV-33081 (the "State Court Action"). Copies of filings from the State Court Action, including the Summons, Civil Case Cover Sheet, Complaint and Delay Reduction Order are attached as **Exhibit 1**.

2. The State Court Action was filed on August 24, 2016. Defendant Gromer was served on August 30, 2016, and first received a copy of the Complaint on that day. (*See* Affidavits of Service, attached as **Exhibit 2**.) Defendants Norman and Pearlcloud were served with the Complaint on September 9, 2016. (*Id.*) Therefore, this Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), within 30 days after the first defendant's receipt of a copy of the Complaint in the State Court Action.

3. Moser alleges in its Complaint that the Defendants acted improperly in various business dealings during Gromer and Norman's employment with and while they served as directors and officers of Moser. Based on these allegations, Moser's Complaint alleges, among other things, that the Defendants have violated two federal statutes: (a) the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1832 (Compl. ¶¶ 200-203), and (b) the Defense of Trade Secrets Act, 18 U.S.C. § 1839(3). (Compl. ¶¶ 209-214).

4. Federal question jurisdiction exists over Moser's claims under 28 U.S.C. § 1331 because Moser has purported to allege two claims based on federal statutes. Pursuant to 28 U.S.C. § 1441(b), a civil action "founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

5. To the extent the Complaint alleges statutory, state common law or other nonfederal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Moser's claims under RICO and the Defense of Trade Secrets Act and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

6. Because Moser's RICO and Defense of Trade Secrets claims arise under the laws of the United States, removal of this entire cause of action is appropriate under 28 U.S.C. § 1441(a)-(c).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because this district embraces the place where the State Court Action is pending.

8. The Defendants have not filed an answer or other responsive pleading in the State Court Action.

9. Concurrently with the filing of this Notice of Removal, the Defendants are giving notice to Moser and filing a Notice of Removal with the clerk of the state court in the District Court for the City and County of Denver, Colorado. A copy of the Notice of Removal of Civil Action is attached as **Exhibit 3**.

10. Pursuant to D.C.COLO.LCivR 81.1(B), a copy of the current docket sheet and each pending motion, petition and related briefs in the State Court Action will be filed within fourteen days of this Notice of Removal.

11. Pursuant to D.C.COLO.LCivR 81.1(C), Defendants certify that as of the date of this Notice of Removal, no hearings have been set in the State Court Action.

12. The Defendants do not, by filing this Notice of Removal, waive any defenses that may be available to them.

WHEREFORE, Defendants Jakob Norman, Scott Gromer, and Pearlcloud Consulting, LLC respectfully request that this action, now pending in the District Court, City and County of Denver, Colorado, be removed therefrom to this Court and that further proceedings in this action be conducted in this Court as provided by law.

Respectfully submitted this 28th day of September, 2016.

*s/ Heather Carson Perkins*
Heather Carson Perkins, #30168
Faegre Baker Daniels LLP
1700 Lincoln Street, Suite 3200
Denver, Colorado 80203
Telephone:  (303) 607-3500
Facsimile:  (303) 607-3600
E-Mail: heather.perkins@FaegreBD.com

*Attorney for Defendants Jakob Norman, Scott Gromer, and Pearlcloud Consulting, LLC*

## CERTIFICATE OF SERVICE

I certify that on this 28th day of September, 2016, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Carolyn L. McIntosh
D. Patrick Long
Brent R. Owen
SQUIRE PATTON BOGGS (US) LLP
1801 California Street, Suite 4900
Denver, CO 80202
Carolyn.Mcintosh@squirepb.com
Patrick.Long@squirepb.com
Brent.Owen@squirepb.com

Norton A. Colvin, Jr.
Norton A. (Trey) Colvin, III
Colvin, Chaney, Saenz & Rodriguez, LLP
1201 E. Van Buren Street
Brownsville, TX 78522
na.colvin@rcclaw.com
ta.colvin@rcclaw.com

*s/ Veronica Thomas*
Veronica Thomas, Legal Administrative Assistant

US.108138820.04